UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LAUREN SAYLOR AND ELIZABETH BRYAN, | : | |
| *Plaintiffs*, | : | |
| | : | |
| VS. | : | C.A. No. |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| *Defendant.* | : | |

# COMPLAINT

## Parties

1. Plaintiffs Lauren Saylor is a resident of Laveen, Maricopa County, Arizona.

2. Plaintiff Elizabeth Bryan is a resident of Laveen, Maricopa County, Arizona. She is legally married to Plaintiff Lauren Saylor.

3. Defendant United States of America, through its agency, the Department of Health and Human Services, operates WellOne Primary Medical & Dental Care located in Rhode Island. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at WellOne Primary Medical & Dental Care are hereinafter collectively referred to as "WellOne."

## Jurisdiction & Venue

4. This action is brought in accordance with the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

5. Jurisdiction in this civil action against the United States of America is proper pursuant to 28 U.S.C. § 1346(b)(1).

6. Plaintiffs have complied with the provisions of 28 U.S.C. § 2671 of the Federal

1

Torts Act.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to this claim occurred within the judicial district of Rhode Island.

**Factual Allegations**

8. The preceding paragraphs are incorporated by reference as if set forth fully herein.

9. On July 30, 2019, Plaintiff Lauren Saylor treated with her primary care provider, Linda T. Eible, N.P. at WellOne in Rhode Island.

10. Ms. Saylor presented with pain resulting from a work-related injury which occurred one week earlier.

11. Based on the particular set of symptoms Ms. Saylor reported to Nurse Practitioner Eible, the standard of care would have been to perform a particular physical examination.

12. Nurse Practitioner Eible breached the standard of care by not performing said examination.

13. Had Nurse Practitioner Eible performed said examination, her findings would have prompted Ms. Saylor to be diagnosed with a potentially fatal, fast developing infection.

14. As a result of Nurse Practitioner Eible's failure to perform said examination, Ms. Saylor was not diagnosed with said infection until August 3, 2019.

15. As a direct and proximate cause of the delay in diagnosis, Ms. Saylor has suffered severe personal injuries.

16. At all times relevant to her provision of health care and treatment to Ms. Saylor, Nurse Practitioner Eible was an employee, servant or agent of Defendant WellOne and was

acting within the scope of that employment.

## COUNT I - NEGLIGENCE
**(Claim by Plaintiff Lauren Saylor)**

17. The prior paragraphs are incorporated by reference as if set forth fully herein.

18. On or about July 30, 2021, and thereafter, Defendant WellOne, by and through Linda T. Eible, N.P., undertook for valuable consideration to provide medical treatment to Plaintiff Lauren Saylor.

19. It then and there became the duty of Defendant WellOne to exercise the degree of care and skill that was expected of reasonably competent practitioners and medical facilities in the same class to which it belongs, acting in the same or similar circumstances.

20. Nevertheless, on July 30, 2021, and thereafter, Defendant WellOne, by and through Linda T. Eible, N.P., failed to exercise the requisite degree of care and skill by negligently examining, diagnosing, treating, recommending treatment for, and supervising the care of Plaintiff Lauren Saylor, and by otherwise failing to render Plaintiff proper, adequate and necessary medical care and treatment, thereby causing her to suffer and become afflicted with severe personal injuries and extreme pain and suffering.

21. As a direct and proximate result of the negligence of Defendant WellOne, by and through its agents, servants, and employees, including but not limited to Linda T. Eible, N.P., Plaintiff Lauren Saylor was severely and permanently injured, has suffered and in the future will suffer a loss of enjoyment of life, has been unable and will continue to be unable to perform her usual daily activities, has suffered and will in the future suffer great pain of body, nerves and nervous system, and has expended and will in the future become liable to pay large sums of money for medical and hospital attention, has lost wages and will suffer loss of earning capacity in the future, and Plaintiff otherwise was and is permanently injured.

WHEREFORE, Plaintiff Lauren Saylor demands judgment against Defendant United States of America for compensatory damages, in such an amount as a jury may deem proper, plus interest and costs.

### COUNT II - LOSS OF CONSORTIUM
**(Claim by Plaintiff Elizabeth Bryan)**

22. The prior paragraphs are incorporated by reference as if set forth fully herein.

23. By reason of Plaintiff Lauren Saylor's injuries, Plaintiff Elizabeth Bryan has suffered the loss of her wife's consortium as set forth in Rhode Island General Laws § 9-1-41(a).

WHEREFORE, Plaintiff Elizabeth Bryan demands judgment against Defendant United States of America for compensatory damages, in such an amount as a jury may deem proper, plus interest and costs.

    Plaintiffs,
    Lauren Saylor and Elizabeth Bryan,
    By their Attorney,

    /s/ Gil A. Bianchi, Jr.
    Gil A. Bianchi, Jr., Esq.    Bar No. 6421
    Bianchi Brouillard Sousa & O'Connell, P.C.
    The Hanley Building
    56 Pine Street, Suite 250
    Providence, RI 02903
    Tel: 401-223-2990
    Fax: 877-548-4539
    Email: gbianchi@bbsolaw.com

Dated: July 19, 2021